UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   CIVIL ACTION NO.:

    Plaintiff,   HONORABLE:

vs.

RAYMOND WASHINGTON, A.K.A. R. WASHINGTON,

    Defendant.

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 6451 Field St., Detroit, MI 48213.

### The Debt

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---:|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,759.19 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $2,864.34 |
| C. | Administrative Fee, Costs, Penalties | $0.00 |
| D. | Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| | Total Owed | **$5,623.53** |

The Certificate of Indebtedness, which is attached to Plaintiff's Complaint, shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.27% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, United States of America prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

SHERMETA, ADAMS & VON ALLMEN, P.C.

Dated: March 22, 2011        By:    s/ Deborah A. Winslow
                                    Deborah A. Winslow (P63179)
                                    Attorneys for Plaintiff
                                    P.O. Box 80883
                                    Rochester, Michigan 48308
                                    Telephone No.: (248) 519-1700
                                    Facsimile No.: (248) 519-1701
                                    dwinslow@shermeta.com

2011A02366

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Raymond Washington
AKA: R. Washington
Detroit, MI
Account No.: XXXXX5800

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/17/10.

On or about 11/05/92, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Michigan Higher Education Student Assistance Authority, Winston-Salem, NC. This loan was disbursed for $2,625.00 on 03/01/93, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Michigan Guaranty Agency, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 01/16/94, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,759.19 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/08/00, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,759.19 |
| Interest: | $2,818.36 |
| Total debt as of 09/17/10: | $5,577.55 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $0.25 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/27/10

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst